UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| THOMAS CASTLE, | ) |  |
|---|---|---|
| Petitioner, | ) ) ) |  |
| v. | ) ) | 1:11-cv-00231-JAW |
| PATRICIA BARNHART, | ) ) ) |  |
| Respondent | ) |  |

**RECOMMENDED DECISION**

Thomas Castle has filed a petition pursuant to 28 U.S.C. § 2254 seeking to vacate his state court conviction for sexual assault and unlawful sexual contact. Castle's petition indicates that following his June 2010 guilty plea and sentencing, he did not pursue any direct appeal. However, in June 2011, he filed a petition for post-conviction review in the Kennebec Superior Court. His amended 28 U.S.C. § 2254 petition indicates that the review is pending and he has not yet received a reply from the court. (Am. Pet at 2, Doc. No. 10, Page ID No. 36.) Because it plainly appears on the face of the petition that petitioner is not entitled to review in this court at this time, I recommend that the court summarily dismiss the petition without prejudice pursuant to Rule Governing Section 2254 Cases 4.

**DISCUSSION**

Castle can only raise federal claims in front of this court that he raised and fully pursued in the state tribunals: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a [s]tate court shall not be granted unless it appears that ...the applicant has exhausted the remedies available in the courts of the [s]tate." § 2254(b)(1)(A). The First Circuit has made it crystal clear that, in order for Castle's petition to have any sustainability in this court, he must have "tendered" all his grounds "in an appropriate fashion to the state

courts." Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988). Passing reference is not enough; "the exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. See also Fusi v. O'Brien, 621 F.3d 1, 5 (1st Cir. 2010) (tracing the history of the exhaustion doctrine and noting that the doctrine ensures that state courts are afforded an adequate opportunity to adjudicate constitutional claims properly within their jurisdiction); Adelson v. Dipaola, 131 F.3d 259, 261-62 (1st Cir. 1997) (observing the need for consistent and rigorous enforcement of the exhaustion requirement by federal courts entertaining a habeas petition challenging a state court judgment). Castle may pursue 28 U.S.C. § 2254 relief -- if necessary -- once he has fully exhausted his state court remedies, relief that would include seeking discretionary review by the Maine Law Court of any determination made by the post-conviction court. See Jackson v. Coalter, 337 F.3d 74, 85-87 (1st Cir. 2003).

## CONCLUSION

Accordingly, I recommend that the Court dismiss this 28 U.S.C. § 2254 petition for want of exhaustion without prejudice to Castle's right to re-file a timely § 2254 petition in this court following exhaustion of his state remedies.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

August 3, 2011.