UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| THOMAS CASTLE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:11-cv-00231-NT |
| | ) | |
| PATRICIA BARNHART, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION**

On June 8, 2011, Thomas Castle filed a petition pursuant to 28 U.S.C. § 2254 seeking to vacate his state court conviction for sexual assault and unlawful sexual contact. Castle never filed a direct appeal in connection with conviction, but he did file a June 2011 petition for post-conviction review in the Kennebec Superior Court. It was apparent from the face of his petition that his state post-conviction proceeding was still pending and therefore I issued a recommendation that this petition be dismissed without prejudice. (ECF No. 13.) Before the court acted upon that recommendation, Castle filed an unopposed motion to stay this action pending exhaustion of his state court remedies. A stay was entered on August 23, 2011. (ECF No. 16.)

Following a series of status reports, I learned on May 23, 2013, that Castle's state post-conviction petition had been denied on February 13, 2013, and that as of May 23rd there were no proceedings pending in the state courts. (ECF No. 23.) I promptly entered an order lifting the stay and ordered the State of Maine to supplement the record and file any motions by June 24, 2013. (ECF No. 24.) The State filed its response and request for dismissal on June 10, 2013.

(ECF No. 25.) Castle has never responded to the State's submission, and I now recommend that the petition be dismissed because Castle failed to fully exhaust his state court remedies.[1]

**Procedural Background**

On February 10, 2010, the Kennebec County Grand Jury returned an indictment charging Castle with six counts of gross sexual assault and six counts of other sex offenses. State of Maine v. Thomas Castle, Me. Super. Ct., Ken. Cty., Docket No. AUGSC-CR-2010-00122. See docket record (ECF No. 25-1, Page ID # 81-92). At his arraignment on February 23, 2010, Castle entered pleas of not guilty to the charges. On June 7, 2010, Castle changed his plea to guilty on the six gross sexual assault counts and on two counts of possession of sexually explicit material of a minor under age 12. The State dismissed the remaining four counts. On the same day as the guilty pleas, the Superior Court (Brodrick, J.) imposed the following sentences: on count 5 (gross sexual assault) - a 15-year term of imprisonment in the custody of the Department of Corrections with all but 7 years suspended, to be followed by a 12-year period of probation with special conditions; on the remaining 7 counts – 5-year terms of imprisonment, to be served concurrently with count 5 and with one another.

Castle did not file an application for leave to appeal sentence pursuant to M.R. App. P. 20 and 15 M.R.S. § 2151. Nor did he file a notice of direct appeal pursuant to M.R. App. P. 2(a)(1) and 15 M.R.S. § 2115. His 21-day period to file such notices expired on June 28, 2010. His failure to file such notices with Maine's highest court precluded him from filing a petition for a writ of certiorari with the United States Supreme Court. Accordingly, Castle's judgments of conviction became final on June 28, 2010.

[1] It appears that Castle's federal petition might also be time barred under 28 U.S.C. § 2244(d)(1), but that the state has chosen to waive the nonjurisdictional statute of limitations issue, as is its right to do. See Day v. McDonough, 547 U.S. 198, 205 (2006); Supplemental Answer/Request for Dismissal, ECF No. 25, at 3; Order extending state statute of limitations deadline, ECF No. 25-1, Page ID # 108-109.

On July 21, 2011, Castle filed a state court pro se petition for post-conviction review pursuant to 15 M.R.S. § 2129 and M.R. Crim. P. 68. Thomas Castle v. State of Maine, Me. Super. Ct., Ken. Cty., AUGSC-CR-2011-563. See docket record (ECF No. 25-1, Page ID # 93-96). Although the petition was filed beyond the one year deadline in the former 15 M.R.S. § 2128(5), the Superior Court by order dated August 9, 2012 extended Castle's filing deadline to July 21, 2011. On December 23, 2011, Castle (through counsel) filed an amended petition. On February 13, 2013, the Superior Court (Mills, J.) issued a decision and order denying the amended petition.[2] (ECF No. 25-1, Page ID # 110-113.) There has been no further action in the state court since that Order was entered on the docket on February 27, 2013. Castle did not file a notice of discretionary appeal under 15 M.R.S. § 2131(1) from the Superior Court's decision denying him relief.

**Discussion**

Castle's amended § 2254 petition raises various grounds, primarily alleging that he was convicted under an ex post facto law, a lack of Miranda warnings, an unlawful search and seizure at his home, his plea was not voluntary, unexplained fraud by court officers, and ineffective assistance of counsel throughout the process. (ECF No. 10.) Castle's amended state court petition, filed by counsel, alleged three cognizable claims of ineffective assistance of counsel, alleging that trial counsel failed to conduct an adequate pretrial investigation, failed to file various pretrial motions, including a motion to suppress, and coerced or manipulated Castle to enter a plea of guilty, rendering his plea involuntary. (ECF No. 25-1, Page ID # 107.)

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has

---

[2] The state post-conviction order reveals that this case involved sexual abuse of petitioner's daughters for many years at a number of different locations. According to this trial attorney's testimony at the post-conviction proceeding, Castle never denied that the abuse had occurred.

exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(B)(1)(A). When it appeared from the face of Castle's petition that it was subject to dismissal for a failure to exhaust -- he noted that he had ongoing state court attacks on his conviction in his original petition -- I prepared a recommended decision dismissing the case and advising Castle of his obligation to fully exhaust his state court claims before filing in this court. My prior recommendation, stayed for almost two years at Castle's request, included the following admonition: "Castle may pursue 28 U.S.C. § 2254 relief -- if necessary -- once he has fully exhausted his state court remedies, relief that would include seeking discretionary review by the Maine Law Court of any determination made by the post-conviction court. See Jackson v. Coalter, 337 F.3d 74, 85 -87 (1st Cir. 2003)." (ECF No. 13, at 2.) Rather than heeding my admonition, Castle apparently has not taken any steps to obtain state appellate review of the Superior Court's order regarding post-conviction relief.

Castle did not file a notice of discretionary appeal, pursuant to 15 M.R.S. § 2131(1), from the Superior Court's decision denying him relief. He had twenty-one days from February 27, 2013, to file that notice. See 15 M.R.S. § 2131(1); M.R. App. P. 2(b)(2)(A), 19(b). He has not exhausted his available state court remedies. The First Circuit has made it crystal clear that, in order for a petition to have any sustainability in this court, the petitioner must have "tendered" all his grounds "in an appropriate fashion to the state courts." Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988). See also Fusi v. O'Brien, 621 F.3d 1, 5 (1st Cir. 2010) (tracing the history of the exhaustion doctrine and noting that "the doctrine ensures that state courts are afforded an adequate opportunity to adjudicate constitutional claims properly within their jurisdiction"); Adelson v. Dipaola, 131 F.3d 259, 261-62 (1st Cir. 1997) (observing the need for consistent and

rigorous enforcement of the exhaustion requirement by federal courts entertaining a habeas petition challenging a state court judgment).

**Conclusion**

It is now the middle of July. Castle has not diligently pursued his available remedies. Notably, Castle has not even filed any opposition to the State's request for dismissal of the current federal petition and his time for doing so has also elapsed. Accordingly I now recommend that the petition be dismissed with prejudice because of the failure to exhaust state court remedies. I further recommend that a certificate of appealability should not issue in the event Castle files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c).

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

July 18, 2013

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge